IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD BAY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND SENTENCE<br><br><br><br>Case No. 2:10-CR-112 TS |

This matter is before the Court on Defendant's Motion to Amend Sentence. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On November 8, 2010, Defendant was sentenced to a term of 60 months probation. As part of his probation, Defendant was ordered to reside in a residential reentry center under a Public Law Placement for a period of 180 days. Defendant represents that he was not admitted to a residential reentry center until January 18, 2011, approximately 70 days after he was sentenced. Defendant asks this Court to amend his sentence so that the time he spent waiting to gain entry into the residential reentry center is counted against the 180 days ordered by the Court.

1

## II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3] "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[4]

None of these avenues apply here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion well after the fourteen-day period set out in Rule 35(a), the

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4] *Id*. at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

provision is inapplicable.[5] Further, none of the reasons set out in Rule 35(a) apply here. Defendant does not point to any arithmetical, technical, or other clear error in his sentence. Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[6] As Defendant seeks a substantive modification of his sentence, rather than to correct a clerical-type error, Rule 36 is inapplicable.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend Sentence (Docket No. 70) is DENIED.

DATED   September 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

[6]*Blackwell*, 81 F.3d at 948–49.

3