IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD BAY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:10-CR-112 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will deny the Motion without prejudice.

---

[1]Docket No. 73.

1

## I. BACKGROUND

On February 17, 2010, a one-count Indictment was brought against Defendant.[2] The Indictment charged Defendant with a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On August 20, 2010, Defendant entered a plea of guilty to Count I of the Indictment. Defendant was sentenced by this Court to 60 months probation on November 8, 2010.

Defendant now moves to terminate his probation. The Government has not filed an objection to Defendant's Motion.

Defendant has completed nearly 20 months of his 60-month term of probation. In his Motion, Defendant indicates that he has: (1) complied with all the requirements of his probation; (2) successfully completed his time in the halfway house without any writeup or conflicts with residents or staff; (3) maintained employment; and (4) taken the tests and received his Utah General Contractor's License. Defendant's mother recently passed away and Defendant seeks termination of his probation in order to be re-baptized and re-join full membership in his church. Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of her supervised release.

## II. DISCUSSION

18 U.S.C. § 3564(c) permits the Court to terminate a term of probation at any time after a defendant has completed at least one year of probation, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is

---

[2]*See* Docket No. 1.

in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is not yet warranted or in the interest of justice. The Court notes with approval Defendant's good conduct. In particular, the Court would note Defendant's compliance with the terms of his probation and his continued employment. However, the Court does not feel that 20 months of good conduct on a term of 60 months probation is sufficient to warrant termination of the remainder of Defendant's probation. For this reason, the Court will deny Defendant's Motion without prejudice. The Court encourages Defendant to continue his good conduct and re-file his Motion after he has completed at least 30 months of his term of probation.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 73) is DENIED WITHOUT PREJUDICE.

DATED  August 30, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge